1  **Peter I. Ostroff, SBN 45718**
   postroff@sidley.com
2  **Rollin A. Ransom, SBN 196126**
   rransom@sidley.com
3  **Charlie J. Sarosy, SBN 302439**
   csarosy@sidley.com
4  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, Suite 4000**
5  **Los Angeles, California  90013**
   **Telephone:  (213) 896-6000**
6  **Facsimile:  (213) 896-6600**

7  **Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; WARNER BROS. RECORDS INC.; WARNER MUSIC LATINA INC.; SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN, LLC; KEMOSABE RECORDS LLC; LAFACE RECORDS LLC; NONESUCH RECORDS INC.; WEA INTERNATIONAL INC.; ZOMBA RECORDING LLC,<br><br>           Plaintiffs,<br><br>     v.<br><br>PMD TECHNOLOGIE UG d/b/a YouTube-mp3; PHILIP MATESANZ; and DOES 1-10,<br><br>           Defendants. | Case No.: 2:16-cv-07210-AB (Ex)<br>Judge: Honorable André Birotte Jr.<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING DISMISSAL FOR LACK OF PROSECUTION**<br><br>**[Supporting Declaration concurrently filed]** |

# PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING DISMISSAL FOR LACK OF PROSECUTION

On March 9, 2017, the Court issued an order for Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Warner Bros. Records Inc.; Warner Music Latina Inc.; Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Arista Records LLC; Atlantic Recording Corporation; Elektra Entertainment Group Inc.; Fueled by Ramen, LLC; Kemosabe Records LLC; LaFace Records LLC; Nonesuch Records Inc.; WEA International Inc.; and Zomba Recording LLC (collectively, "Plaintiffs") to show cause why this case should not be dismissed for lack of prosecution. Order to Show Cause ("OSC"), Dkt. 17. More specifically, the Court noted that over 90 days have passed since the filing of the Complaint, and ordered Plaintiffs to show that service was effectuated within 90 days pursuant to Federal Rule of Civil Procedure 4(m), or to show good cause for failure to do so. *Id.*

As an initial matter, Rule 4(m) does not apply here. Rule 4(m) states that the 90-day deadline for service "does not apply to service in a foreign country under Rule 4(f)," and Rule 4(f)(1) provides for service in a foreign country "by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." As demonstrated by Plaintiffs' request for, and the Court's approval of, appointment of an international process server (Dkts. 14, 15), Plaintiffs are attempting to serve Defendants PMD Technologie UG and Philip Matesanz (collectively, "Defendants") in Germany pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). In any event, Plaintiffs have undertaken diligent efforts to serve Defendants, but have not received a response from the applicable German Central Authority, or Defendants, respecting the status of service. As explained further in the attached declaration from Plaintiffs' international process server, Celeste Ingalls, service on German residents through the Hague Service Convention takes several months and Plaintiffs cannot file the proofs of service until receiving a response from the

1  German Central Authority. Declaration of Celeste Ingalls ("Ingalls Decl.") ¶¶ 12, 13.

Accordingly, Plaintiffs submit that Rule 4(m) is inapplicable, and that good cause exists to satisfy the Order to Show Cause in any event. Moving forward, if service through the Hague Service Convention is not effectuated within 60 days from the date of this Response, then Plaintiffs propose that the Court entertain a request to serve Defendants "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendment, subdivision (f).

## I. BRIEF BACKGROUND

Plaintiffs filed the Complaint on September 26, 2016 against Defendants PMD Technologie UG, a German company, and Philip Matesanz, a German citizen who lives in Germany. *See* Compl. ¶¶ 32-33 (Dkt. 1). Pursuant to Federal Rule of Civil Procedure 4(f), Plaintiffs promptly commenced efforts to serve Defendants through the Hague Service Convention, under which Germany requires translation of the Complaint and related documents and that service of the English and German versions be effected on the applicable German Central Authority, which then serves Defendants in Germany. *See Davies v. Jobs & Adverts Online, Gmbh*, 94 F. Supp. 2d 719, 721 n.6 (E.D. Va. 2000); Ingalls Decl. ¶¶ 8-10.

In order to facilitate service in Germany through the Hague Service Convention, Plaintiffs requested that the Court appoint Celeste Ingalls (c/o Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon 97205) as the international process server competent to forward a request to the German Central Authority for service of the Complaint and the related documents on Defendants. (Dkt. 14). Plaintiffs submitted this request on October 13, 2016 (*id.*), and the Court granted it two weeks later on October 27, 2016 (Dkt. 15). Once the German translations and necessary Hague Service Convention forms were completed—a process Plaintiffs began immediately after filing the Complaint—

Plaintiffs' international process server forwarded the request for service, Complaint, and related documents to the applicable German Central Authority on November 7, 2016. Ingalls Decl. ¶ 10. Plaintiffs cannot know the status of service upon Defendants until receipt of a response from the applicable German Authority or notification from Defendants. *Id.* at ¶ 13.

## II. ARGUMENT

Although the OSC invokes Federal Rule of Civil Procedure 4(m), Rule 4(m) states that the 90-day deadline for service "does not apply to service in a foreign country under Rule 4(f)." Rule 4(f)(1), in turn, provides for service in a foreign country "by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *See Kapu Gems v. Diamond Imports, Inc.*, 2016 WL 4259119, at *14 n.20 (N.D. Cal. Aug. 12, 2016) (not setting a deadline for service of amended counterclaims on an Indian resident under the Hague Service Convention because Rule 4(m)'s 90-day limit does not apply to service under Rule 4(f)).

Ratified by the United States, Germany, and at least thirty other countries, the Hague Service Convention "is a multilateral treaty" that was "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). "[C]ompliance with the Convention is mandatory in all cases to which it applies." *Id.* at 705. The Hague Service Convention "requires each state to establish a central authority to receive requests for service of documents from other countries," *id.* at 698, and while some countries still allow for the direct transmission of judicial documents from foreign countries to their residents, Germany does not. *Davies*, 94 F. Supp. 2d at 721 n.6. Germany "requires that service be effected on the central authority." *Id.*

1       Accordingly, Plaintiffs used an international process server, as approved by
2 the Court (Dkt. 15), to effect service on Defendants pursuant to the Hague Service
3 Convention. Although Plaintiffs are not yet aware that service has been effected,
4 and over 90 days has passed since filing the Complaint, Plaintiffs are not in
5 violation of Rule 4(m) because service under the Convention is explicitly excepted
6 from Rule 4(m)'s 90-day time limit. Moreover, as explained in the Advisory
7 Committee Notes for Rule 4, the Hague Service Convention "does not specify a
8 time within which a foreign country's Central Authority must effect service. Fed.
9 R. Civ. P. 4 advisory committee's note, 1993 Amendment, subdivision (f). In
10 practice, service on a German resident through the Convention typically takes four
11 months (or even longer), Ingalls Decl. ¶ 12 , and it has been only slightly longer
12 than four months since the request for service was forwarded to the German Central
13 Authority on November 7, 2016.

14       Even if Rule 4(m) applied, good cause exists. Plaintiffs diligently acted to
15 effect service through the Hague Service Convention after filing the Complaint by
16 working with a vendor to translate the Complaint and related documents to German,
17 working with the appointed international process server to complete the
18 Convention's required paperwork, and securing appointment of the international
19 process server under Rule 4(c)(3) by this Court. However, the German Central
20 Authority provides no mechanism by which to check on the status of service, and
21 Plaintiffs must therefore wait to receive a response from the German Central
22 Authority. Ingalls Decl. ¶ 13. Accordingly, Plaintiffs submit that good cause exists
23 for not serving Defendants within 90 days, even if that time limit were to apply to
24 service here.

25       Because Article 15 of the Hague Service Convention "does provide that
26 alternate methods may be used if a Central Authority does not respond within six
27 months" of the transmission of a request for service, Fed. R. Civ. P. 4 advisory
28 committee's note, 1993 Amendment, subdivision (f), Plaintiffs propose that the

Court entertain a request to serve Defendants "by other means not prohibited by international agreement, as the court orders," Fed. R. Civ. P. 4(f)(3), if Plaintiffs do not receive a response from the German Central Authority within 60 days from the date of this Response.  The Advisory Committee Notes for Rule 4 note that this is an option when a central authority is "dilatory" in effecting service.  Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendment, subdivision (f).

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court vacate the Order to Show Cause.

DATED: March 16, 2017             Respectfully submitted,

                                  SIDLEY AUSTIN LLP


                                  By: /s/ Rollin A. Ransom
                                      Rollin A. Ransom
                                      Attorney for Plaintiffs