**Peter I. Ostroff, SBN 45718**
postroff@sidley.com
**Rollin A. Ransom, SBN 196126**
rransom@sidley.com
**Charlie J. Sarosy, SBN 302439**
csarosy@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California 90013**
**Telephone: +1 213 896-6000**
**Facsimile: +1 213 896-6600**

**Attorneys for Plaintiffs**

**[Additional counsel on signature page]**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; WARNER BROS. RECORDS INC.; WARNER MUSIC LATINA INC.; SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN, LLC; KEMOSABE RECORDS LLC; LAFACE RECORDS LLC; NONESUCH RECORDS INC.; WEA INTERNATIONAL INC.; ZOMBA RECORDING LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>PMD TECHNOLOGIE UG d/b/a YouTube-mp3; PHILIP MATESANZ; and DOES 1-10,<br><br>    Defendants. | Case No. 2:16-cv-07210-AB-E<br><br>**STIPULATION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION filed concurrently herewith** |

Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Warner Bros. Records Inc.; Warner Music Latina Inc.; Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Arista Records LLC; Atlantic Recording Corporation; Elektra Entertainment Group Inc.; Fueled by Ramen, LLC; Kemosabe Records LLC; LaFace Records LLC; Nonesuch Records Inc.; WEA International Inc.; and Zomba Recording LLC (collectively, "Plaintiffs"), and defendants PMD Technologie UG and Philip Matesanz (collectively, "Defendants"), by and through their counsel of record, respectfully submit this Stipulation for Entry of Permanent Injunction with reference to the following facts:

WHEREAS, Defendants own and operate a website known as "YouTube-mp3" (the "YTMP3 Website"), which is located at the web address www.youtube-mp3.org;

WHEREAS, on September 26, 2016, Plaintiffs filed this action against Defendants (the "Litigation"), alleging that the service that Defendants have offered at the YTMP3 Website (the "YTMP3 Service") is designed to infringe and facilitate the infringement of Plaintiffs' copyrighted sound recordings that are available on YouTube, and asserting claims for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, inducement of copyright infringement, and circumvention of technological measures;

WHEREAS, the parties have reached a settlement of the claims asserted in the Litigation, which settlement is documented in a confidential settlement agreement (the "Settlement Agreement");

WHEREAS, pursuant to the Settlement Agreement, the parties have agreed, among other things, to stipulate to entry of a final judgment and permanent injunction against Defendants on the terms set forth in this Stipulation;

NOW, THEREFORE, Plaintiffs and Defendants hereby stipulate as follows:

1.  Defendants, and each of them, are subject to the specific (but not general) personal jurisdiction of the United States District Court for the Central District of California (this "Court") for purposes of enforcement of the Settlement Agreement,

and for entry and enforcement of the [Proposed] Final Judgment and Permanent Injunction filed concurrent herewith, a copy of which is attached hereto as Exhibit A (as entered by the Court in that form, the "Final Judgment and Permanent Injunction").  Defendants forever waive and forgo any objection or challenge to the Court's exercise of personal jurisdiction over them for these purposes and/or the Court's exercise of subject matter jurisdiction over this Litigation for these purposes (but reserve those objections if and only if the Final Judgment and Permanent Injunction is not entered pursuant to this Stipulation).

2. The Court shall enter judgment against Defendants and issue a permanent injunction against Defendants on the terms set forth in the Final Judgment and Permanent Injunction.  Defendants irrevocably and fully waive notice of entry of the Final Judgment and Permanent Injunction, and notice and service of the Final Judgment and Permanent Injunction as and when entered, and understand and agree that violation of the Final Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including for contempt of Court.  Defendants further irrevocably and fully waive any and all right to appeal the Final Judgment and Permanent Injunction, to have it vacated, modified or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

3. The Court shall retain jurisdiction to enforce the Final Judgment and Permanent Injunction and the Settlement Agreement.  Defendants consent to the continuing jurisdiction of the Court for purposes of enforcement of the Final Judgment and Permanent Injunction and the Settlement Agreement, and irrevocably

Matesanz
25/08/17

1   and fully waive and relinquish any argument that venue or jurisdiction by this Court
2   for these purposes is improper or inconvenient.
3   Dated:  August 21, 2017
                                        SIDLEY AUSTIN LLP


    By: /s/ Rollin A. Ransom
        Peter I. Ostroff
        Rollin A. Ransom
        Charlie J. Sarosy

        Attorneys for Plaintiffs


    Dated:  August 21, 2017
                                        LINER LLP


    By: /s/ Michael L. Novicoff
        Michael L. Novicoff
        Diana A. Sanders

        Attorneys for Defendants


    Acknowledged and agreed:

    **PMD TECHNOLOGIE UG**                **PHILIP MATESANZ**
    By: Matesanz                          Matesanz
    Printed Name: Philip Matesanz         Date: 25.08.17
    Title: Owner
    Date: 25.08.17

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; WARNER BROS. RECORDS INC.; WARNER MUSIC LATINA INC.; SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN, LLC; KEMOSABE RECORDS LLC; LAFACE RECORDS LLC; NONESUCH RECORDS INC.; WEA INTERNATIONAL INC.; ZOMBA RECORDING LLC,<br><br>             Plaintiffs,<br><br>v.<br><br>PMD TECHNOLOGIE UG d/b/a YouTube-mp3; PHILIP MATESANZ; and DOES 1-10,<br><br>             Defendants. | Case No. 2:16-cv-07210-AB-E<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION** |

On the stipulation of Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Warner Bros. Records Inc.; Warner Music Latina Inc.; Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Arista Records LLC; Atlantic Recording Corporation; Elektra Entertainment Group Inc.; Fueled by Ramen, LLC; Kemosabe Records LLC; LaFace Records LLC; Nonesuch Records Inc.; WEA International Inc.; and Zomba Recording LLC (collectively, "Plaintiffs"), and defendants PMD Technologie UG and Philip Matesanz (collectively, "Defendants"), and good cause showing, it is hereby ORDERED AND ADJUDGED AS FOLLOWS:

1. Judgment is entered in favor of Plaintiffs and against Defendants on all counts of the Complaint.

2. Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651, and this Court's inherent equitable powers, Defendants and their corporate parents and subsidiaries, and their respective officers, agents, servants, and employees, and all persons in active concert or participation with them who have actual knowledge of this Final Judgment and Permanent Injunction by service, notice or otherwise (including but not limited to any person or entity that hosts any servers through which the service, or any aspect thereof, that Defendants offer or have ever offered at the website located at www.youtube-mp3.org (the "YTMP3 Website")), are hereby permanently RESTRAINED and ENJOINED from the each following, anywhere in the world:

    a. operating the YTMP3 Website, any service that Defendants offer or have ever offered at YTMP3 Website (the "YTMP3 Service"), or any other website or system that Defendants (or any of them) own or control, directly or indirectly, that is substantially similar to the YTMP3 Service;

    b. directly or indirectly operating, assisting in, facilitating or supporting the YTMP3 Service or any part thereof, including without limitation engaging in any of the following activities, except as otherwise expressly agreed in writing by Plaintiffs: (i) operating or assisting in the operation of any

1

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION

computers, servers, or software that in any manner assist in or support the operation of the YTMP3 Service, (ii) any use of any domain that includes the term "youtube-mp3," or any substantially or confusingly similar terms, or (iii) in any way profiting or benefitting from the YTMP3 Service;

  c. directly or indirectly, in any manner whatsoever, using, exploiting, selling, licensing, leasing, assigning, loaning, bartering, transferring, conveying, hypothecating, encumbering, pledging, or distributing, for consideration or otherwise, any hardware, software, source code, technology, intellectual property, or goodwill related to or associated with the YTMP3 Service, including but not limited to the name "youtube-mp3";

  d. knowingly designing, developing, offering, or operating any technology or service that allows or facilitates the practice commonly known as "streamripping," or knowingly causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the design, development, offering, or operating of any such technology or service by any person or entity in any manner that would be contrary to the federal and/or any state law of the United States of America if conducted in the United States of America, regardless of where such activity is conducted;

  e. otherwise knowingly infringing, knowingly causing to be infringed, or knowingly enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any copyright owned or controlled by any of the Plaintiffs; and

  f. with respect to Plaintiffs and/or any of their direct or indirect record company affiliates, domestic and foreign, and the respective predecessors, successors, assigns, and representatives of the foregoing (collectively, the "Plaintiff Affiliated Entities"), knowingly circumventing, knowingly causing to circumvent, or knowingly enabling, encouraging, promoting, inducing, or participating in the circumvention of, any technological

measure that effectively controls access to and prevents copying of Plaintiff Affiliated Entities' works protected by the U.S. Copyright Act and/or the copyright law of any other jurisdiction, whether now in existence or hereafter created, and/or that effectively protects the rights of the Plaintiff Affiliated Entities under the U.S. Copyright Act and/or the copyright law of any other jurisdiction.

3. Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651, and this Court's inherent equitable powers, and in order to give practical effect to the foregoing injunction, all persons in active concert or participation with Defendants or their officers, agents, servants, or employees, who have actual knowledge of this Order by service, notice or otherwise (including without limitation any domain name registrars and registries, such as Mesh Digital Limited), are hereby permanently RESTRAINED and ENJOINED from allowing the continued use by anyone other than Plaintiffs, or the transfer to any person other than Plaintiffs, of the domain name www.youtube-mp3.org.  Defendants are ordered to transfer the domain name www.youtube-mp3.org to the Plaintiff identified in, and in accordance with the terms of, the confidential Settlement Agreement among the parties ("Settlement Agreement").  To the extent that Defendants or those in active concert or participation with them fail to comply with this Order, then in addition to any other recourse or remedy that Plaintiffs may have for breach of the Settlement Agreement and violation of this Order, any and all registrars and registries for the domain youtube-mp3.org shall promptly, within not more than twenty-four (24) hours, disable the youtube-mp3.org domain, through a registry hold or otherwise, and prevent its transfer to anyone other than Plaintiffs, and further shall, within thirty (30) days of receipt of notice of this Order, change the Registrar of Record for the youtube-mp3.org domain to a Registrar of Plaintiffs' choosing.

4. Defendants shall make the settlement payment required by the Settlement Agreement in accordance with the terms of the Settlement Agreement, and the parties

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION

shall otherwise bear their own fees and costs.

5. This Final Judgment and Permanent Injunction is a final judgment for purposes of disposition of this action.

6. The Court shall maintain continuing jurisdiction over this action and the parties for the purpose of enforcing this Final Judgment and Permanent Injunction and for the purpose of enforcing the parties' Settlement Agreement.

7. Defendants shall give notice of this Final Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, subsidiaries, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, heirs, trustees, conservators, licensees, and all those acting in active concert or participation with or aiding and abetting the Defendants.

8. Plaintiffs are not required to post any bond or security in connection with the Permanent Injunction, and Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.


IT IS SO ORDERED.

Date: _____                    _____
                                            United States District Judge